### AMERICAN SAW CO. *v.* EMERSON.

*(Circuit Court, W. D. Pennsylvania. December 21, 1880.)*

1. LETTERS PATENT—INFRINGEMENT—MEASURE OF DAMAGES.

The measure of damages for the unauthorized sale of a patented article is the difference between the cost price to the patentee and the market price when the sales were made.

In Equity. Exceptions to master's report.

The suit was for infringement of patent No. 66,692, granted to defendant on July 16, 1867, for improvement in saws, and assigned to complainant. The improvement consisted merely in providing the saw with a series of holes, corresponding with the wear of the teeth, to facilitate dressing or filing the saw. Defendant contended that complainant was entitled to only so much of the profit as was due to the presence in a saw of the holes, over an ordinary saw without them. Complainant contended and the master held that there was or should be only one perforated saw, and that the complainant was entitled, as damages, for all saws sold by defendant, to the difference between complainant's cost and selling price of an equal number of saws.

The master cited *Rubber Co.* v. *Goodyear,* 9 Wall. 788; *Cawood Patent,* 94 U. S. 695; *Pitts* v. *Hall,* 2 Blatchf. 229; *Cowing* v. *Rumsey,* 8 Blatchf. 36; *Hostetter* v. *Vowinkle,* 1 Dill. 329; and found that the case of *Buerk* v. *Imhaeuser,* 10 O. G. 907, differed from this, because in that case it appeared that there were other watches in the market.

*Knox & Reed* and *C. A. Van Dorn,* for complainant.

*Bakewell & Kerr,* for defendant.

MCKENNAN, C. J. The rule for the ascertainment of the damages, adopted by the master, is fairly deducible from the cases discussed in his report, and, it may be said, from others of corresponding tenor which might be cited. It is appropriate to this case, if it is not the only practicable one. The difficulty is in the administration of it. It is not an unreasonable inference that the profit derived by the complainants from the sale of their saw is due to the patented improvements embodied in it. Hence it was proper to take the difference between the cost of its manufacture and the price at which

the infringing saw was sold, as the measure of the complainant's damages or loss. Upon this basis the master has assessed the damages. He has taken the whole number of infringing saws made and sold by the defendant, and in view of the localities where the sales were made, the readiness and facilities of the complainant for supplying the market in those localities, and the strong probability, therefore, that it would have supplied it, if it had not been occupied by the defendant, has allowed the difference between the cost and market prices as the aggregate amount of the complainant's damages. We cannot say that this is unwarranted by the proofs.

The exceptions are therefore overruled, the master's report is confirmed, and a decree will be entered for the damages reported, with costs.